Next case is 5-18-0342, Wilkerson v. Novsek. If you are ready, you may proceed. Attorney Mark Cochin here for the Plaintiff. Counsel, may it please the court. The facts of this case are actually straightforward. What we have here is the plaintiff was involved in an automobile accident in Jackson County, Illinois on or about February 10, 2014. Case of clear liability. Complaint was filed on or about February 8, 2016. Prior to that, there was communication. That's what the case is. Obviously, there was no service in the particular case. Why? What reasons, if any, are before this court that the court should reconsider the trial court's granting the motion to dismiss with prejudice? Notes of Turing Lane, that's on C-91, was sent to the adjuster on January 27, 2016. And I think what's interesting in this particular matter is the defendant in this particular case has mentioned, attached an affidavit to this court that says the defendant's insurer, having no notice of summons, closed its file. That's reference to C-3233. What's interesting, though, is in C-94 is a fax sent to the adjuster pursuant to the adjuster's request. I'm going to stop you for just one second because I think I have a serious issue with this court's jurisdiction to hear this matter at this time. Correct me if I'm wrong, but there are pending motions still unresolved in the trial court, is there not? There already are. And how does that not prevent us from having jurisdiction to do anything with this case? Judge, I think that's an excellent question, quite frankly. When I filed the motion to, I filed for an extension of time until May 30th, the court went ahead and ruled May 23rd. I then did file a motion to reconsider. And seven days were gone by. I had hoped the court would set this matter for argument hearing and whatnot. It didn't. I became concerned that I would not have a viable option, so a notice of appeal was filed with this court. But I do not fully disagree with this court that one of the things is that there is a pending motion in Jackson County that probably would assist this court if it had been ruled. So here is the situation, and I'm sure you both are aware of it, but there's a motion to reconsider that has not been ruled on. If the court finds that it merits in reconsidering its earlier decision, then the court still has the opportunity to deal with this case. And if it doesn't, that's one thing. But until we know, do we have any purpose in hearing this case at this time? Because from the briefs, I don't see that we have jurisdiction to hear the case. And unless one of you guys or both of you guys want to disagree with me on this, we might be able to save everyone time and not get into the crux of this case. I think we'll just go ahead and hear the oral argument. I agree. Hear the oral? I've been overruled, so we'll go ahead and hear your argument. I'll keep in mind that if we don't have jurisdiction, we're not going to be able to do anything with the facts of the case. Okay. I think what's important, or one thing I'd like to bring to the court's attention, as I stated, C-32333, there's an affidavit attached apparently that's not from the actual adjuster who was involved in this case, but a different individual from the insurance company stating that they closed its file. However, C-94 refers to a fact sent to the adjuster that had been dealing with this case. Per your request, a police report was provided and even informed the insurance company that the defendant's information had been redacted. In addition to that, C-101 is a copy of a fact, once again, that was sent to the defendant, the adjuster, Candy, up in American Plains, and says, pursuant to your request is the police report as well as the specials list that were attached. So it's interesting that yet the American Daily says they closed their file, yet we're providing documentation, ongoing communication back and forth between the adjuster, police reports, specials list, treatment. They have all that information of this particular case. In addition to that, I think it's important that there's nothing here to dispute that during the time period up until the motion to dismiss filed by the defendant, that there were ongoing and updated regular conversations between the plaintiff's office and the adjuster. The affidavit, the office manager, it's attached. There's nothing to refute that. So once again, it's interesting that supposedly there's a file that's been closed, yet there's ongoing regular communication approximately every two to three months. Sometimes it's from the adjuster calling, sometimes it's our office to give an update that the person, she's still treating. This is what we're looking at. They already have a list of specials and things of that nature. They're able to set the reserves, et cetera, et cetera, on this particular matter. In fact, C-60, January 8, 2018, shortly before January 8, 2018, C-60 letters the adjuster again with bills and records stating the plaintiff is still treating. C-61, January 16, complaint was actually provided apparently to the adjuster at that particular time. Although, mind you, from 2016 to 2018, we're getting updates on treating and things of that nature. And upon interpatient belief, there was discussions of the complaint being filed. They just now officially apparently had asked for it, even though we had already provided the copies of the police report, updated specials and things of that nature. I mean, we all know judicially, I mean, it takes five seconds. I have no doubt that the defendant was aware that the complaint had been filed. Otherwise, why would they be discussing the status of the plaintiff's condition for approximately two years? Once again, a little bit of a question. Again, prior to the actual court dismissing the case on February, strike that, on May 23, 2018, the plaintiff did attempt to retain, finally located the defendant in this matter and attempted service. His affidavit is attached on 119 through 120. Apparently, he had spoke to her personally. She acknowledged that she was going to accept. They had arranged when to pick up, and all of a sudden, she can't locate or find her. Again, it's difficult to find out if anybody had talked to her. We don't know, of course, at this particular stage, but she obviously alluded service. And his process service affidavit is attached in this particular case. There's no question that this case calls for a tightening of office procedures on some things. There's no question about that, and we certainly have done so. I think the enforcement situation is when there's a case of clear liability and it's been acknowledged on the defendant through the office, and you're getting them regular updates. That is something that, in this particular case, I think was relied on. And I think that's ultimately part of 103 is the purpose. I understand it is somewhat of a harsh, but I think at the end of the day, too, the purpose of 103 is so that injustice is not moved. People aren't harmed by injustice. And when a police report's been provided, when specials lists have been provided, when there's been regular updates, I think justice has been served. I don't think the defendant is harmed. The fact is, up until the court granted the motion to dismiss, there's no dispute the plaintiff was still treating. So this case was not ripe for settlement. This case was not ripe for evidence deposition. I can certainly understand the defendant's position if the fact she had stopped treating for some time ago. That's not the case in this particular situation. What is the standard of review, Mr. Coltrane? Well, I think the standard of review is basically I have to show some type of abusive discretion of the court in granting the motion to dismiss, Your Honor. And I think in this particular case, I think it is there in the sense that I don't think the court had the opportunity to review the totality of the circumstances of everything. And I think if the court had just given us a few more days, we had requested until May 30th to be able to submit our affidavits of the processor, of the office manager, of the plaintiff that she's still being treated, that I think the record could have been much clearer. And so I think that's part of the motion, Judge, too, or the basis of the appeal. I think the court abuses discretion, denying us additional time to plead. I mean, obviously a motion to dismiss with prejudice such as this is very, very harsh, obviously. And I don't think requesting an additional few days because of caseload, trying to get affidavits, things of that nature, seven additional days is really asking too much of the trial court. But the trial court, for whatever reason, did go ahead and enter it. And then that's when we would have submitted the additional information of the affidavits and whatnot. And I think with the pending motion to reconsider that the trial court has not heard that, quite frankly, the court on its own could have and maybe would have reconsidered. So with that, Judge, I think, unfortunately, that is something that we just don't know now at this point. And I think that's why the trial court abuses discretion, knowing that there's a pending motion to dismiss with prejudice, to allow everybody a fair opportunity, not only to file pleadings, but maybe even have a brief oral comment or argument on the motion. Was the summons ever served? No, Your Honor. We attempted back, like I said, the affidavit to the process server prior to dismissal back in May. I think the process server's record, his affidavit is attached as, I think, 119-120, Your Honor, where he goes in great detail that he verbally had contact with the defendant, advised her, I believe, that he needs to go over the matter and be able to provide her some paperwork. She agreed to be available on April 24th, provide her telephone number to set up delivery. So how long had it been since the filing of the complaint to the date of dismissal? Well, I believe the dismissal was in May 23rd of 18, Your Honor, and the complaint was filed in February 10th, 2014. No question? No question. Over four years? That's correct, Your Honor. And like I said, there is no question that in this particular matter some things are being done differently, you know. Have you found any case under 103B where there has been a court that held an abuse of discretion where there was a matter of over one year? Not that I necessarily recall, Judge. I think what Marks has said, Judge, is based upon there is no set time period for 103B to actually effectuate service. My question was have you found any case where there was an abuse of discretion for a matter of over a year? Judge, not that I can recall, Your Honor, but again, Marks, I think based upon the factual circumstances of each particular case, and I think each particular case is very, very, very much fact-driven. And I think it's difficult to just be able to say whether it's one year or 18 months or two years, Your Honor. I think due to the extenuating circumstances in this particular case, the totality of the circumstances, when an affidavit is filed with this court that they closed the case back in, you know, March of 2014, yet there's been documents, I'm sorry, I should write that, March 8, 2016, I apologize, and yet there's been, you know, conversations going back and forth. A few weeks later, they requested specialist lift. They requested copies of the police report previously. And just a few days later, March 15, that document, that type of communication is going on. I think it calls into question some of the matters before this court, quite frankly. And again, Judge, I guess at the end of the day, a couple of things to hit the high note. I believe the trial court did abuse its discretion, but I don't mind playing additional time to plead. Allow us to provide our affidavits, the information we had, and then make its ruling once and for all. The trial court did not give us that benefit for whatever reason. I do tend to agree that's one of the issues that I had with whether or not this court actually had jurisdiction or not, with their pending motion to reconsider. But we decided to plead at that time. The affilee asserts the issue of abandonment as to the issue of your motion to reconsider. Do you have a response to that? Judge, I have looked at that. You know, I don't think we necessarily have. I know what some of the cases discuss and talk about, but I think it kind of goes to the point where it's still pending before the court. And I think there is an issue on whether or not jurisdiction is with their pending motion to reconsider that particular case or not. Does the trial court have jurisdiction after a notice of appeal is filed? In certain circumstances, I believe they have. Some of the research that I've looked at in the past, Judge, but I don't have it here before me. I think one of the, if I may, one of the important elements is the court focused on, is I don't think the court had an opportunity to consider all the factors in light of 103B, Judge. And I think that's part of the issue is by not allowing us to be able to, when the court denied our motion for extension of time, it really denied the plaintiff a full opportunity to present all the facts before the court. So I think, if we can focus on that just for a second, is I think the case law is pretty clear that the court has discretion, but at the same time, for good cause, show Supreme Court Rule 183, should not be refused continuous when the ends of justice clearly require it. And I think if the trial court is going to entertain, which obviously it did and was entertaining, a motion to dismiss with prejudice, then I think a continuance to allow the plaintiff, and even the defendant, every opportunity to put its best foot forward, present all the evidence and facts, then make a ruling how the court would deem just and proper. The point is the court did not allow that. So some of these matters, the affidavits that we've attached, there's no disputing that during the time period there's communication, ongoing communication going on between the plaintiff's office and the adjuster. There's no dispute on that. And those are some facts that may or may not tip the balance with the trial court. We don't know. But I think the court abuses discretion, fundamental discretion, for justice and fair play to allow the plaintiff to submit the affidavits presented. So we asked till May 30th, I believe, Your Honor, the court ruled May 23rd. Seven days. What was so compelling that the trial court could not wait an additional week to make sure it had all the facts and evidence to make a just and proper ruling? I don't think the judicial economy whatsoever was sacrificed. I don't think anything was sacrificed. I think the only effort would have been that the trial court ensuring that whatever decision it made, it had all the facts, it had all the relevant information, and then make its ruling. So, yes, I believe wholeheartedly the court abuses discretion, the trial court did, when it did not grant, when it decided to rule seven days prior to allowing additional documents to be filed. Again, by doing that, Judge, I don't believe the trial court had all the factors. And I think that's what's important. 103B requires all factors must be considered in the light of the purpose of 103B. By not having that information, it couldn't have considered all the factors. It didn't consider all the factors. So that's kind of where we're at back in round one, is at a minimum. We're out of time. Yes, sir. Thank you. May it please the Court, Mr. Coaching. Viewers, my name is Christopher Larris. I represent the defendant in this case, and I'll be very brief. As far as the jurisdictional issue goes, your Honor, Jackson v. Alvarez says a subsequently filed notice of appeal following the failure of a litigant to obtain a ruling on a motion serves as an abandonment of the previously filed motion. I don't know if that would apply directly to this case, but we did cite it in the brief because we thought this would be an issue. So that's something for your consideration. I would just like to point out a couple of things, if I may. And that is that Mr. Coaching refers to conversations with the defendant, but he's really talking about the insurance company. But until a defendant is actually served with the suit papers, the insurance company can't take depositions. It can't subpoena documents. It can't get its own medical records. And there may be coverage issues between a defendant and an insurance company that would preclude an insurance company from actually selling a case or defending a case. And we don't know that until service is had. And that is an important point here. The defendant and the insurance company, do you dispute the dates? Did not the defendant move in this case? The defendant did move to Texas, yes. To another state even, wasn't it? That's correct, down to Texas. Okay. Yes. Do you dispute the dates that counsel gave? I think there was a mistake, if I may. This is in the plaintiff's favor. The accident was on February 10th, 2014. And then the case was filed on February 8th, 2016, so just before the statute ran. So it was actually two years, not four? Right. I wrote it down in particular. It was between the date of filing and the date the case was dismissed was 27 1⁄2 months. And what this case is really about is an abuse of discretion for the trial court to have dismissed the case pursuant to 103B. And the State of Illinois v. Perkins says an abuse of discretion occurs where the trial court's ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the court. And just to go through a couple of dates, what we have here is the case was filed on February 8th, 2016. The trial court had put the matter on the dismissal backet but then granted a motion for the case to remain open in October of 2016. In May of 2017, the court granted a second motion for the case to remain open. And then the defendants insured did not receive the complaint until January of 2018. April 2, 2018, we filed a motion to dismiss, and only after the motion to dismiss was filed did the plaintiff even make an attempt to serve the defendant. There was no evidence that the plaintiff ever hired an investigator, ever really searched very hard. They did a skip trace, but there was no real investigation to find that defendant. And so given the definition of abuse of discretion and given what the trial court actually granted the plaintiff, all the extra time and the lack of effort by the plaintiff to serve the defendant, I can't see how there can be an abuse of discretion. Was there a hearing on the motion to dismiss? There was not. No, there was not. So it was just a motion filed and Judge Schwartz just ruled? Correct. I'm sure based on his record of granting the plaintiff quite a bit of time. And unless there's any other questions, that's really all I had to say about this. All right. Thank you. Thank you very much. I appreciate your time. Thank you to counsel if I misspoke. Yes, the accident was February 10th. The complaint was filed February 8th of 2016, so a little under two years to counsel. It was four years or so since the date of the accident, but two years since the filing. That is correct, Your Honor. And during that time period in particular, since there was some communication going on between 14 and 16, but prior to the complaint being filed February 8th starting January 16th on, up until the motion to dismiss, there was communication going on as far as the turning lane was sent, the adjuster request, the police report, that was sent on March 15th. We sent a specials list, again, March 15th, 2016. Clearly, and this is after the February 8th of 2016 complaint was filed. I submit that if the defendant didn't think the complaint had been filed, why would they be requesting police reports? Why would they be requesting information, specials lists, and treatment dates if they had no knowledge that a complaint had been filed to preserve the two-year statute of limitations? In all due respect, I'm going to suggest to this Court that the insurance company is a little bit better at knowing when their two-year statute of limitations is up. But this is information that, quite frankly, could be brought up, and I think should have been brought up at the trial court level. And when the motion for extension of time was filed to present these particular arguments, I think the Court abuses discretion. And so clearly, that's what I think, what I'm asking at a minimum, before I was cut off earlier from this Court, is to remand this case back down to have the motion to reconsider heard so that all the evidence could be presented in this particular Court. Because I do believe, and that's how we get to that, Judge, I do believe the Court did abuse its discretion when it did not grant our motion for extension of time to allow us to submit the affidavits of the process server, to allow us to submit the affidavit of the office manager that goes into, that's unrefuted, that there's been communication going on for two years, that's unrefuted, that a specials list was presented, that a police report was put in, which personal information was redacted from the defendant. That information had been presented to the Court, that a skip trace had been presented to try to look at this individual. The point is, there's communication going back and forth between the adjuster's office and my client. This is a case of clear liability. He's a rear ender. A rear ender. So, again, when the defense knew that, we sent the police report, there's no denying that. There's communication going on back and forth. Now, you know, have we made some changes in measures? No question about it. No question. That just because we're giving dialogue back and forth is not good enough. I get that. And I respect that in the future. But in this particular case, and in this particular circumstances, I think it warranted the fact before this Court, and I think it warranted at least an opportunity for us to have that heard before the trial court. Thank you, Your Honor. Thank you. The Court will take that under advisement and issue a ruling in due course.